IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-50499
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

KIRSTON BROWN,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-254-ALL

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kirston Brown pleaded guilty to one count of conspiracy to possess with intent to distribute five grams or more of cocaine base and one count of possession with intent to distribute five grams or more of cocaine base. On appeal, he argues that the district court erred by denying his motion to suppress evidence seized during a search of his person and residence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In reviewing the denial of a motion to suppress, this court reviews factual findings for clear error and legal conclusions de novo. United States v. Phillips, 382 F.3d 489, 494 (5th Cir. 2004). The district court found that the "good faith" exception applied and denied Brown's motion to suppress. The good-faith exception provides that "evidence obtained by officers in objectively reasonable good-faith reliance upon a search warrant is admissible, even though the affidavit on which the warrant was based was insufficient to establish probable cause." United States v. Satterwhite, 980 F.2d 317, 320 (5th Cir. 1992).

Brown argues that the good-faith exception does not apply because the state magistrate who granted the search warrant was misled by "reckless, material omissions" in the supporting affidavit. However, there is no indication in the record below that Brown argued that the affidavit was false or misleading. Because Brown failed to raise this issue below, he has waived it on appeal. See United States v. Pope, 467 F.3d 912, 918-20 (5th Cir. 2006).

Brown also argues that the affidavit was "so lacking in indicia of probable cause that . . . reliance upon it was objectively unreasonable." In general, "[a]n officer may rely in good faith on the validity of a warrant so long as the warrant is supported by more than a 'bare bones affidavit.'" United States v. Cisneros, 112 F.3d 1272, 1278 (5th Cir. 1997) (quoting United States v. Alix, 86 F.3d 429, 435 (5th Cir. 1996)). In the instant case, the warrant was not based on a "bare bones" affidavit. Even if we were to find that the affidavit was insufficient to establish probable cause, it still is sufficient to establish the "facial validity" of the warrant. See United States v. McKnight, 953 F.2d 898, 905 (5th Cir. 1992). Accordingly, Brown has not shown that the district court erred in applying the good-faith exception and denying his motion to suppress.

We previously ordered supplemental briefing on several sentencing issues. However, the district court recently granted the Government's 18 U.S.C. § 3582 motion and reduced Brown's sentence, which effectively granted Brown the relief

he sought in his supplemental briefs.  Therefore, we do not address Brown's sentence.

AFFIRMED.